UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES FOR THE MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND, AND TRAINING PROGRAM FUND; JOHN J. VIRGA *in his fiduciary capacity as director*; *and* ROBERT BONANZA *as Business Manager of the Mason Tenders District Council of Greater New York*, <br><br> Petitioners, <br><br> – against – <br><br> HIGH TECH MASONS OF LONG ISLAND, INC., <br><br> Respondent. | **OPINION AND ORDER** <br><br> 14 Civ. 8535 (ER) |

RAMOS, D.J.:

      The Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund ("the Funds"), along with the associated labor-management organization, the Mason Tenders District Council of Greater New York ("the Union"), petition the Court to confirm an arbitration award against High Tech Masons of Long Island, Inc., ("High Tech Masons") invoking the Court's jurisdiction under 29 U.S.C. § 185. For the reasons stated below, the petitioners' motion is GRANTED.

I.    BACKGROUND

      The petitioners are all labor-related organizations that function for the benefit of masons in the New York City area. The Funds are employee benefit plans as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(3), based in New York City. Decl. of Haluk Savci ("Savci Decl.") ¶¶ 3–4, Doc. 8. The Funds provide benefits to eligible workers whose employers contribute to the Funds on their behalf, pursuant to collective bargaining

agreements between these employers and the Union.  Savci Decl. ¶ 3.  The Funds are established and maintained pursuant to the Amended and Restated Agreement and Declaration of Trust (the "Trust Agreements") and are collectively administered by a Board of Trustees ("the Trustees").  Savci Decl. ¶ 3.  The Trustees are comprised of union and employer representatives pursuant to the Taft-Hartley Act, 29 U.S.C. § 186(c)(5).  Savci Decl. ¶ 3.  The Union is a labor organization based in New York.  Savci Decl.  ¶ 5.

The respondent, High Tech Masons, is a masonry contractor that has employed workers affiliated with the petitioners.  Savci Decl. ¶ 7.  Its principal place of business is New York.  Savci Decl. ¶ 7.

In July 2011, High Tech Masons recognized the Union as the exclusive bargaining agent for employees who perform work covered under the collective bargaining agreement negotiated with the Union.  Savci Decl. ¶ 8.  The agreement includes a requirement that High Tech Masons remit contributions to the Funds for employees who performed work covered under the agreement.  Savci Decl. ¶¶ 9, 11.  It also includes requirements concerning the inspection of High Tech Masons' records, and it prescribes specific procedures for collecting any delinquent fees owed to the Funds.  Savci Decl.  ¶¶ 11–14.

The agreement includes two relevant arbitration provisions.  First, Section 1 of Article X allows the Trustees to take legal action to collect delinquent contributions to the Funds and  "may appeal the dispute to arbitration" if unresolved by the agreement's grievance procedures.  Savci Decl. Ex. 2 art. X § 1(a)–(b).  Second, Section 15(i) of Article VI binds the parties to the terms of the Trust Agreements, including its arbitration provisions.  Savci Decl. ¶ 12. Section 8 of Article IX of the Trust Agreements provides that the Board of Trustees "has the right, in its sole and absolute discretion, to determine whether to initiate arbitration proceedings against a delinquent

Employer." Savci Decl. Ex. 3.  The collective bargaining agreement also provides for the following specified damages:

> (1) the unpaid contributions.
> (2) interest on unpaid contributions determined by using the rate prescribed under section 6621 of Title 26 of the United States code.
> (3) interest on the unpaid contributions as and for liquidated damages.
> (4) reasonable attorneys' fees and costs of the action.
> (5) such other legal or equitable relief as the court deems appropriate.

Savci Decl. Ex. 2 art. VI § 17(g).

After reviewing union shop steward records, the Funds discovered that High Tech Masons failed to pay benefit contributions owed on behalf of its employees for the work period November 1, 2012 through December 31, 2012.  Savci Decl. ¶ 20.  The Funds initiated arbitration proceedings before Joseph Harris, one of the arbitrators identified in Section 1 of Article X of the collective bargaining agreement.  Savci Decl. Ex. 2.  The Funds served High Tech Masons with a notice of arbitration on September 4, 2013, which was received on September 9, 2013.  Savci Decl. ¶ 19.  The arbitrator gave High Tech Masons notice of an arbitration hearing on September 6, 2013 via certified mail.  Savci Decl. ¶ 19.

The arbitrator convened the hearing on October 9.  High Tech Masons did not appear at the hearing, and the arbitrator found it to be in default.  Savci Decl. ¶ 20.  At the hearing, the Funds submitted the collective bargaining agreement, copies of union shop steward reports, and an accompanying deficiency report, which established that High Tech Masons was delinquent in its payments to the Funds.  Savci Decl. ¶ 21.

On October 25, 2013, the arbitrator determined High Tech Masons failed to make the requisite payments to the Funds, and awarded the following damages to the petitioners per the collective bargaining agreement:

| | |
|---|---|
| Delinquent Contributions for Fringes ......................$ | 4527.00 |
| Delinquent Contributions for Dues & PAC .............$ | 361.80 |
| Current Interest (as of October 9, 2013) .................$ | 122.48 |
| ERISA Damages (20% of Outstanding Principal)...$ | 905.40 |
| Legal Fees ................................................................$ | 500.00 |
| Pro-Rated Arbitrator Fees .......................................$ | 800.00 |
| **TOTAL**..................................................................$ | **7216.68** |

Savci Decl. Ex. 1 at 3.

High Tech Masons has not paid any of the award, nor has it moved to vacate or modify the award. Savci Decl. ¶ 23. Accordingly, the Funds asked this Court in October 2014 to confirm the arbitrator's award and enter judgment in their favor for the amount awarded, plus interest at the statutory rate. Compl., Doc. 1 at 2.

Although High Tech Masons was served in this action, Doc. 3, it has not made an appearance before this Court. On February 11, 2020, the Funds moved to confirm and enforce the October 25, 2014 arbitrator's award and enter a judgment against High Tech Masons. Doc. 7 at 2.

## II. LEGAL STANDARDS

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006). The court is required to grant the award unless it is vacated, modified, or corrected. *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited

summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III.  THE ARBITRATION AWARD

The Court has conducted a limited review of the arbitration agreement entered into by the parties and the ensuing arbitration award. The agreement between the parties conferred the Funds "the right, in its sole and absolute discretion, to determine whether to initiate arbitration proceedings against a delinquent Employer." Savci Decl. Ex. 3 art. IX § 8.

The collective bargaining agreement specified that any arbitration was to take place before one of two arbitrators, one of whom was the arbitrator assigned here, Harris. Savci Decl. Ex. 2 art. X § 1. The agreement further states:

> The arbitrator shall have the right to conduct an ex-parte hearing in the event of the failure of either party to be present at the time and place designated

>for the arbitration, and shall have the power to render a decision based on the testimony before him at such hearing. The decision of the arbitrator shall be final and binding upon both parties and may be entered as a final decree or judgment in the Supreme Court of the State of New York or in a court of appropriate jurisdiction in any state where such decision shall be rendered.

*Id.*

After providing notice via certified mail to High Tech Masons, the arbitrator found that High Tech Masons was in default. Savci Decl. ¶ 20. Despite the default, the arbitrator heard evidence from the petitioners detailing the collective bargaining agreement, copies of union shop steward reports, and an accompanying deficiency report, which established that High Tech Masons was delinquent in its payments to the Funds. *Id.* ¶ 21. There is no indication that this decision was made arbitrarily, that it exceeded the arbitrator's jurisdiction under the agreement, or that it was contrary to law. *See Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party.").

Accordingly, the Court finds that based on the record provided, together with the appropriate narrow level of review, there is no disputed material issue of fact and the arbitration award should be CONFIRMED. *See Landy*, 954 F.2d at 797 ("[A]n arbitration award should be enforced . . . if there is 'a barely colorable justification for the outcome reached.'" (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978))).

### IV.   POST-JUDGMENT INTEREST

The petitioners also seek to recover post-judgment interest, which the Court grants on the full judgment amount pursuant to 28 U.S.C. § 1961(a). *See Lewis v. Whelan*, 99 F.3d 542, 545

7

(2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

## V. CONCLUSION

For the reasons stated above, the petitioners' motion is GRANTED. The arbitration award is confirmed, and the Clerk of the Court is directed to enter judgment in favor of the petitioners in the amount of $7,216.68 against High Tech Masons of Long Island. This judgment shall accrue post-judgment interest as mandated in 28 U.S.C. § 1961. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 7, and close the case.

It is SO ORDERED.

Dated:   April 16, 2020
         New York, New York

                                                    EDGARDO RAMOS, U.S.D.J.